UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TOUSSAINT DESHOMMES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:24-cv-00144-JPH-TAB |
| | ) |
| HAFEZCORP1, | ) |
| MCDONALD'S, | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

Toussaint Deshommes brought this action alleging that his former employer terminated his employment in violation of Title VII. Dkt. 1. After the Court dismissed his original and amended complaints, Mr. Deshommes filed a second amended complaint, dkt. 8, and a motion for appointment of counsel, dkt. [14]. Defendants have filed a motion to dismiss for failure to state a claim. Dkt. [11]. For the reasons below, Mr. Deshommes's motion for counsel is **DENIED** and Defendants' motion to dismiss is **GRANTED**.

**I.
Motion for Counsel**

Mr. Deshommes has filed a motion for the appointment of counsel. Dkt. 14. "Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel." *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). "Two questions guide a court's discretionary decision whether to recruit counsel: (1) 'has the indigent plaintiff made a reasonable attempt to obtain

1

counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Id.* "Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014).

Here, for the first question, Mr. Deshommes does not describe any attempts to find *pro bono* counsel. Dkt. 14 at 2. He therefore has not shown a reasonable attempt to secure counsel on his own. *See Farmer v. Haas*, 990 F.2d 319, 321 (7th Cir. 1993) (requiring "some effort to secure a lawyer in the private market"). For the second question, the Court considers "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Olson*, 750 F.3d at 712. In his operative complaint, dkt. 8, Mr. Deshommes has described the nature of the claims he intends to pursue and the underlying facts, so he has not shown a need for counsel to assist him in amending his complaint, or to "investigate and flesh out any claim that may exist." *Mapes v. Indiana*, 932 F.3d 968, 971–72 (7th Cir. 2019) (citing *Perez v. Fenoglio*, 792 F.3d 768, 784 (7th Cir. 2015)).

Mr. Deshommes's motion to appoint counsel is therefore **DENIED**. Dkt. [14].

2

## II.
## Facts and Background

Because Defendants have moved for dismissal under Rule 12(b)(6), the Court accepts and recites "the well-pleaded facts in the complaint as true." *McCauley v. City of Chicago,* 671 F.3d 611, 616 (7th Cir. 2011).

Mr. Deshommes alleges that, leading up to December 18, 2022, people would come to the McDonald's he worked at and intimidate or threaten him. Dkt. 8 at 6. His manager would not call the police because Mr. Deshommes was the only Haitian employee there. *Id.* Then, on December 18, another employee was "looking at [Mr. Deshommes's] behind" while Mr. Deshommes was bending over. *Id.* Mr. Deshommes called that employee "a punk," leading that employee to go outside, get a gun, and threaten Mr. Deshommes. *Id.* Mr. Deshommes called 911, and a responding police officer told Mr. Deshommes to never come back to that McDonald's. *Id.*

Mr. Deshommes filed a charge of discrimination with the Equal Employment Opportunity Commission, alleging only sexual harassment and retaliation for complaining about sexual harassment. *Id.* at 7; dkt. 1-1 at 17 (EEOC charge).[1]

Mr. Deshommes filed this case in January 2024. Dkt. 1. After the Court dismissed his original and amended complaints, *see* dkt. 7, Mr. Deshommes

---

[1] The Court considers the EEOC charge because it's referenced in the operative complaint. *See Williamson v. Curran,* 714 F.3d 432, 436 (7th Cir. 2013). Mr. Deshommes's filings are not consistent about when he filed his EEOC charge, but it appears to have been June 1, 2023, *see* dkt. 1-1 at 17, and the filing date does not affect the issues addressed in this order.

3

filed a second amended complaint, dkt. 8. Defendants HafezCorp1 and McDonald's filed a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Dkt. 11.

## III.
## Rule 12(b)(6) Standard

Defendants may move under Federal Rule of Civil Procedure 12(b)(6) to dismiss claims for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A facially plausible claim is one that allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, a complaint "must allege enough details about the subject-matter of the case to present a story that holds together," *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021), "but it need not supply the specifics required at the summary judgment stage." *Graham v. Bd. of Educ.*, 8 F.4th 625, 627 (7th Cir. 2021).

When ruling on a 12(b)(6) motion, the Court "accept[s] the well-pleaded facts in the complaint as true, but legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). "It is enough to plead a plausible claim, after which a plaintiff receives the benefit of

4

imagination, so long as the hypotheses are consistent with the complaint." *Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 848 (7th Cir. 2017).

## IV.
## Analysis

### A. Title VII Exhaustion

Title VII makes it unlawful for employers to "discriminate against any individual" because of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). Before bringing a Title VII lawsuit, an employee must exhaust his administrative remedies by filing charges with the EEOC and receiving a right-to-sue letter. *Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019) (citing *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992)). Only claims included in the EEOC charge may be raised in a Title VII lawsuit. *Teal v. Potter*, 559 F.3d 687, 691 (7th Cir. 2009).

Defendants argue that Mr. Deshommes's claims about his termination based on membership in a protected class must be dismissed because they were not alleged in his EEOC charge. Dkt. 12 at 2.[2] Mr. Deshommes did not respond to this argument. *See* dkt. 18.

Mr. Deshommes's EEOC charge alleged only sexual harassment and retaliation for complaining about sexual harassment. Dkt. 1-1 at 17. He did not allege to the EEOC that his employment was terminated because of his race, color, religion, sex, or national origin. *See id.* Similarly, the EEOC charge

---

[2] Because Mr. Deshommes attached his EEOC charge to his filings, this argument can be addressed in a Rule 12(b)(6) motion to dismiss. *See Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013).

did not allege any claim that McDonald's failed to call the police in response to threats against Mr. Deshommes because of his race or national origin. *See* dkt. 1-1 at 17. Mr. Deshommes's operative complaint, by contrast, alleges that he was terminated because of his "race" and "gender/sex." Dkt. 8 at 4–5.

Mr. Deshommes's Title VII claims about his termination therefore exceed the scope of the EEOC charge and must be dismissed. To be included in a lawsuit, a claim must first have been included in the EEOC charge or be "like or reasonably related to the allegations of the charge and growing out of such allegations." *Chaidez*, 937 F.3d at 1004. Claims are "like or reasonably related" when "(1) there is a reasonable relationship between the allegations in the charge and the claims in the complaint and (2) the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge." *Id.* Mr. Deshommes's EEOC charge does not meet that standard because, while it mentions his termination, it focuses solely on sexual harassment and retaliation without alleging that the termination was based on his race, national origin, or sex. Dkt. 1-1 at 17; *see Chaidez*, 937 F.3d at 1004–05 ("A plaintiff cannot bring a new claim that is inconsistent with the claim in his EEOC charge, even if the new claim involves the same parties and the same facts as the other claim.").

### B. Sexual Harassment Allegations

While Mr. Deshommes does not mention a sexual harassment claim in his second amended complaint, he alleges that another employee at McDonald's was "looking at [Mr. Deshommes's] behind" while he was bending

6

over. *See* dkt. 8 at 4–6.[3]  Defendants argue that any claim related to this allegation "does not, as a matter of law, constitute sexual harassment."  Dkt. 12 at 3.  Mr. Deshommes does not respond to this argument.  *See* dkt. 18.

Sexual harassment violates Title VII if it is severe or pervasive enough to affect the terms and conditions of employment.  *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 78 (1998).  Under that standard, offhand comments and isolated incidents are not enough to state a sexual-harassment claim.  *Swyear v. Fare Foods Corp.*, 911 F.3d 874, 881 (7th Cir. 2018).  Here, Mr. Deshommes has pleaded only an isolated incident in support.  *See* dkt. 8 at 4–6.  Any sexual harassment claim therefore must be dismissed.  *See Swyear*, 911 F.3d at 881–83 (an environment that is "at times inappropriate and offensive" does not support liability when it is not severe or pervasive enough to affect the terms and conditions of employment).

## V.
## Conclusion

Mr. Deshommes's motion to appoint counsel is **DENIED**.  Dkt. [14].  His motion regarding the name of Defendant Hafez Corporation is **GRANTED**; the **Clerk shall update** the name on the docket to HafezCorp1.  Dkt. [18].  Defendants' motion to dismiss is **GRANTED**.  Dkt. [11].  Final judgment will issue by separate entry.

**SO ORDERED.**

Date: 11/8/2024

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

---

[3] Mr. Deshommes also does not mention a retaliation claim or allege facts allowing an inference that he may have intended to raise one.  *See* dkt. 8.

Distribution:

TOUSSAINT DESHOMMES
304 Hoosier St.
North Vernon, IN 47265

All electronically registered counsel